# SUMMONS
Rule 4 1970 Ohio Rules of Civil Procedure
Medina County Court of Common Pleas, 225 E. Washington Street, Medina, Ohio 44256

**Case No. 2024CIV1090**
**Judge Joyce V. Kimbler**

To: **Jeremy Roman**
**aka Kigha Freewren**
**161 Bridgehampton Dr**
**Medina OH 44256**

You have been named a defendant in a(n) Amended Complaint filed in the Medina County Court of Common Pleas by the following plaintiff: Jennifer Hertberg. A copy of the Amended Complaint is attached hereto w/ Exhibit.

You are hereby summoned and required to serve a copy of your Answer to the Amended Complaint upon the plaintiff's attorney, or upon the plaintiff if there is no attorney of record, within **twenty-eight (28) days** after the service of this Summons upon you, excluding the date of service. Your Answer must be filed with the court within **three (3) days** after service of a copy of the Answer on the plaintiff's attorney, or upon the plaintiff if there is no attorney of record.

The name and address of the plaintiff's attorney is as follows:

**DANIEL A POWELL**
**1360 SOM CENTER RD**
**CLEVELAND OH 44124**

Failure to appear and present a defense to the Amended Complaint will result in a judgment by default being rendered against you for the relief demanded.

January 28, 2025



**DAVID B. WADSWORTH**
**CLERK OF COURTS**

By: MEB, Deputy Clerk

IN THE COURT OF COMMON PLEAS
MEDINA COUNTY, OHIO

| | |
|---|---|
| JENNIFER HERTBERG<br>813 Lexington Cross Drive<br>Las Vegas, Nevada 89144,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY ROMAN<br>a/k/a KIGHA FREEWREN<br>161 Bridgehampton Drive<br>Medina, Ohio 44256<br><br>Defendant. | CASE NO. 2024 CIV 1090<br><br>JUDGE JOYCE V. KIMBLER<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff, JENNIFER HERTBERG ("Plaintiff"), for her First Amended Complaint against Defendant JEREMY ROMAN a/k/a/ KIGHA FREEWREN ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant for damages arising out of Defendant's publication of false and defamatory statements about Plaintiff on the Internet which cause harm to Plaintiff's reputation and other protected interests.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Jennifer Hertberg is an individual residing in Las Vegas, Clark County, Nevada.

3. Defendant Jeremy Roman a/k/a Kigha Freewren ("Ms. Freewren"), is an individual who resided in Medina County, Ohio at all times relevant to this lawsuit. Upon information and belief, Defendant may have relocated to Michigan following the filing of Plaintiff's original complaint.

4. The defamatory statements at issue in this lawsuit were published by Defendant while defendant was residing and located in Ohio, relating to events that reportedly occurred and foreseeably causing the Plaintiff harm in Ohio.

5. The defamatory statements at issue in this lawsuit were published via the social media platform "X" (formally known as Twitter) via Defendant's X account @Kigha989.

6. This Court has subject matter jurisdiction pursuant to R.C. § 2305.01.

7. This Court has personal jurisdiction over Defendant pursuant to R.C. § 2307.382(A)(3) and/or (6).

8. Venue is proper under Ohio R. Civ. P. 3(C)(3) and (6).

## FACTUAL ALLEGATIONS

9. Plaintiff reasserts and incorporates all of the allegations and averments in the foregoing paragraphs as if fully rewritten herein.

10. Plaintiff is a survivor of sexual assault.

11. Upon information and belief, Defendant authored false and defamatory statements concerning Plaintiff to retaliate against her public disclosure of her victimization at the hand of a man known as XjojoX99's father (hereinafter the "assailant") in the dance game community, of which both Plaintiff and Defendant are active members.

12. On June 17, 2023, Plaintiff awakened from a blacked-out state in a hotel bedroom in Las Vegas to discover her pants were missing.

13. Despite being obviously intoxicated the night prior to June 17, XjojoX99 admitted to Plaintiff that he witnessed the assailant sexually assault Plaintiff.

14. Distraught and afraid, Plaintiff made the decision to wait nearly 8 hours in an emergency room to have a Sexual Assault Nurse Examiner (SANE) perform a full forensic examination.

2

15. Plaintiff provided her statement concerning her sexual assault to a Las Vegas Metropolitan Police Department officer.

16. Plaintiff was informed by the Las Vegas Metropolitan Police Department's detective that XjojoX99 ignored their phone calls and refused to corporate with the sexual assault investigation.

17. Following the sexual assault, XjojoX99 approached Plaintiff at a rhythm game tournament and commented on the sexual assault to Plaintiff on or around June 22, 2023.

18. On or around July 21, 2023, XjojoX99 knowingly competed in a dance game tournament hosted by Plaintiff's place of work. This caused Plaintiff to experience significant PTSD symptoms and to call the Las Vegas Police Department out of fear for her safety.

19. On or around September 2, 2023, Plaintiff attended Panini Fest dance game tournament and encountered XjojoX99 again and discovered the business owned by XjojoX99's father, Salsitas Mendoza, would be sponsoring awards for the top 3 competitors. Plaintiff felt afraid, unsafe and intimidated as she was once again forced to confront her assailant's son who, upon information and belief, was refusing to cooperate with Detectives investigating Plaintiff's sexual assault and further entrenching himself and his family in the gaming community.

20. Trusting that Defendant would support her, Plaintiff confided in Defendant and Defendant's significant other about the details of her sexual assault.

21. To protect herself and other women in the dance game community, Plaintiff posted an anonymous public statement about her assault on Reddit on January 27, 2024 and urged the dance gaming community to ban XjojoX99 and his family from tournaments.

22. Plaintiff shared her story to hold her assailant and his son accountable and to protect other women in the community, including Defendant, who are vulnerable to sexual assault and other forms of gender-based violence.

23. Instead of being supported as a victim of sexual assault, Plaintiff was furthered victimized by Defendant who not only wrongfully denied Plaintiff's sexual assault but authored and published false and defamatory statements accusing Plaintiff of the same crime that had been inflicted upon her body – sexual assault.

24. On January 27, 2024 and/or January 28, 2024, Defendant posted the following false and defamatory statement on her X page Kigha (K-eye-uh) @Kigha989: "Hi. Jenn is the one who made the "anonymous" post. She is not to be trusted with these claims. She has a history with alcoholism and unwanted sexual advances. She sexually assaulted me during MOTL last year" (hereinafter referred to as "X Post", a true and accurate copy of which is attached as Exhibit "A").

25. Defendant further authored and published in a publicly available Google Doc linked in the X Post the following false and defamatory statement: "I can confirm that she has a history of making undesired overly sexually advances toward people without any consent to be given because she sexually assaulted me last year during MOTL. When she's drunk, she does not take no for an answer, and it's incredibly problematic.... She kept throwing herself on me and I kept saying no. She wouldn't listen. I had to say no so many times.... She then started to cry and made me feel bad for the person who just attempted to SA me"

26. Upon information and belief, Defendant has repeated and republished the same false and defamatory statements about Plaintiff, both verbally and in writing, to other audiences.

27. Contrary to Defendant's false assertions, Plaintiff never sexually assault or raped Defendant.

28. Contrary to Defendant's false assertions, Plaintiff never attempted to sexually assault or rape Defendant.

4

29. Contrary to Defendant's false assertions, Plaintiff does not have a history with alcoholism and/or unwanted sexual advances.

30. Defendant's false statements have had a severe negative impact on Plaintiff, her mental health, her family and her employment.

31. Defendant's X post was viewed nearly 10,000 times by other X users within a month of its publication and was re-tweeted (i.e. shared separately) by no less than 6 other users on X.

32. On February 2, 2024, Plaintiff's employment at the Las Vegas Arcade was terminated less than a week after Defendant published her defamatory statements and Plaintiff has suffered extreme mental distress and harm to her feelings in the wake of Defendant's false and defamatory statements.

## Count I: Defamation *Per Se*

33. Plaintiff incorporates all of the allegations and averments in the foregoing paragraphs as if fully rewritten herein.

34. On January 27, 2024 and/or January 28, 2024, Defendant published false allegations on X and through a Google Doc made available for public viewing on X claiming that Plaintiff "sexually assaulted" Defendant, that Plaintiff "has a history of making undesired overly sexually advances toward people without any consent", that Plaintiff has "a history with alcoholism and unwanted sexual advances", and that "[w]hen [Plaintiff is] drunk, she does not take no for an answer, and it's incredibly problematic."

35. None of the allegations published by Defendant regarding Plaintiff on X are true:

    a. Plaintiff has never sexually assaulted or raped Defendant.

    b. Plaintiff has never attempted to sexually assault or rape Defendant.

    c. Plaintiff does not have a "history of making undesired overly sexually advances toward people without any consent."

5

   d.  Plaintiff does not have a history with alcoholism.

36. The numerous false claims made within the X post and accompanying Google Doc constitute defamation (libel) per se because the claims, on their face, falsely accuse Plaintiff of serious criminal conduct and negatively reflect upon Plaintiff's character as a human being by falsely accusing Plaintiff, a survivor of sexual assault, of that same crime involving moral turpitude.

37. Additionally, the numerous false claims made within the X post and accompanying Google Doc constitute defamation (libel) per se because the claims, on their face, seek to levy upon Plaintiff ridicule, hatred, contempt and significant damage to her professional reputation and career.

38. By publishing the false statements on X and elsewhere in written form, Defendant published false and defamatory statements of and concerning Plaintiff which constitute libel.

39. By verbally repeating the false statements published on X to third parties, Defendant published false and defamatory statements of and concerning Plaintiff which constitute slander.

40. Defendant published the false statements without privilege or authorization to do so.

41. The defamatory statements in the X post were read by third parties on the X platform and otherwise communicated to third parties.

42. The direct assertions published by Defendant falsely and unjustifiably impugn Plaintiff's personal and professional reputation and injuriously affect Plaintiff's standing in her trade and profession, and in the community at large.

43. The intended implications of the false statements published by Defendant are false, impugn Plaintiff's personal and professional reputation, and injuriously affect her standing in her trade and profession.

44. Defendant published the false statements with actual malice, knowing that the statements contained therein were false, or acting with reckless disregard as to the truth or falsity of those statements. At a minimum, Defendant's fault amounts to negligence.

45. Defendant published the false statements with express malice, in bad faith and motivated by ill-will, spite, and the spirit of revenge.

46. Defendant's false statements are intended to subject, and in fact have subjected, Plaintiff to ridicule, contempt, hatred, and scorn.

47. Defendant's false statements are intended to cause, and in fact have caused, harm to Plaintiff's personal and professional reputation, and are intended to deter others from transacting business or otherwise associating with Plaintiff.

48. As a direct and proximate result of Defendant's actions complained of herein, Plaintiff has suffered and sustained irreparable harm, actual, consequential, and presumed damages, injury to reputation, emotional distress, mental anguish, mitigation expenses, and other harm to her interests.

## COUNT TWO: Defamation Per Quod

49. Plaintiff incorporates all of the allegations and averments in the foregoing paragraphs as if fully rewritten herein.

50. The X post and Google Doc authored and published by Defendant, both directly and by implication, constitute defamation (libel) per quod insofar as they falsely accuse Plaintiff of falsely reporting her experience with sexual assault and falsely accusing her of a history of unwanted sexual advances.

51. The intended defamatory implications of Defendant's false statements are that Plaintiff is both dishonest and a danger to the dance game community and the community at large.

7

52. Defendant's false statements further infer that Plaintiff has attempted to sexually assault others or at least has made unwanted sexual advances on others in the past.

53. Contrary to the direct assertions and intended implications of Defendant's false statements, Plaintiff has never lied about being sexually assaulted.

54. Contrary to the direct assertions and intended implications of Defendant's false statements, Plaintiff does not have a history of unwanted sexual advances and has never sexually assaulted anyone.

55. Defendant published the false statements to third parties without privilege and with actual malice. At a minimum, Defendant's fault amounts to negligence.

56. As a direct and proximate result of Defendant's actions complained of herein, Plaintiff has suffered and sustained irreparable harm, actual, consequential, and presumed damages, injury to reputation, emotional distress, mental anguish, mitigation expenses, and other harm to her interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. A decree by this Court finding the statements published by Defendant regarding Plaintiff to be false and defamatory;

B. Injunctive relief prohibiting Defendant from re-publishing the same or similar false and defamatory statements about Plaintiff;

C. Actual and presumed compensatory damages in an amount exceeding $25,000.00 with the exact amount to be proven at trial;

D. Punitive damages at the maximum amount allowable by R.C. § 2315.21;

E. Costs of this action, reasonable attorney fees, and pre- and post-litigation interest at the

8

maximum rate provided by law;

F. Any and all other relief, at law or in equity, this Court finds just and reasonable and is empowered to grant.

Respectfully submitted,

*[signature]*

Daniel A. Powell (0080241)
Sarah M. Kolick (0102665)
MINC LLC
200 Park Ave., Suite 200
Orange Village, Ohio 44122
Phone: (216) 373-7706
Fax: (440) 792-5327
Email: dpowell@minclaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues not determinable as a matter of law.

*[signature]*

Sarah M. Kolick (0102665)

# EXHIBIT A



